GLD-097                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4136
_____

PHILLIP QUINN,
                                                    Appellant

v.

JOHN DOE SERGEANT DIETMAN; I. NICKUM, Correctional Officer, SCI
Smithfield; JOHN DOE SHULTZ, Lieutenant SCI Smithfield Corr. Inst.; MD
CHRISTINA DOLL, Doctor, SCI Smithfield Medical Department
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-01087)
District Judge: Honorable William J. Nealon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2011
Before: AMBRO, CHAGARES AND NYGAARD, Circuit Judges

(Opinion filed February 15, 2011 )
_____

OPINION
_____

PER CURIAM

        Phillip Quinn, an inmate at the State Correctional Institute at Huntington, appeals

from District Court orders granting summary judgment in favor of the defendants in this

pro se civil rights action.  For the following reasons, we will summarily affirm.

I.

Quinn's complaint arises out of a fall, and the subsequent medical care that he received, that occurred while Quinn was an inmate at the State Correctional Institute at Smithfield. He alleges that, in July 2006, he was returning to his prison block after having been held in the prison's Restricted Housing Unit. He was assigned to a second-level cell; however, because of previously sustained injuries, he claimed that he needed a cell on the first level. He informed a prison guard of this need, and the guard called defendant Dr. Doll. Doll informed the guard that Quinn had no cell-placement restrictions, and the guard ordered Quinn to carry his belongings up the stairs to his cell. Quinn produced a medical form, which stated that he could not lift anything weighing more than ten pounds. He asked for assistance in carrying his belongings, which consisted of several boxes that, together, weighed more than ten pounds, but was informed by the guard that he had to carry the items himself. When Quinn asked to speak to another officer, he was told that he would be sent back to the Restricted Housing Unit if he did not transfer his belongings within ten minutes. Quinn attempted to carry his belongings up the stairs, but lost his balance and fell, sustaining several injuries.

Quinn was taken to the prison's medical department, where he was seen by Doll. Although Quinn alleges that one of the guards told Doll that Quinn was faking his injury, he admits that Doll took his history, inquired as to the cause and extent of the injury, and observed Quinn as she asked him to move parts of his body. Doll asked Quinn to walk back to his cell, but Quinn refused. Doll admitted Quinn to the infirmary and ordered that he continue to take the pain medications that had been prescribed for his previous

2

injuries. Quinn remained in the infirmary for a few days, where he was examined by another doctor and x-rayed. All of the tests were negative.

In June 2008, Quinn filed a complaint pursuant to 42 U.S.C. § 1983. He named as defendants three prison guards, alleging that they had violated his constitutional rights by ordering him to carry his belongings up the stairs. He also named Doll, alleging that she was deliberately indifferent to his serious medical needs, and that she intentionally inflicted emotional distress upon him.

The District Court awarded summary judgment in favor of the prison guards on the basis of Quinn's failure to exhaust his administrative remedies. The District Court also awarded summary judgment in favor of Doll because it found that there was no genuine issue of material fact for either the Eighth Amendment claim or the state-law claim. Quinn appealed.

II.

We have jurisdiction to hear this appeal. 42 U.S.C. § 1291. When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the nonmoving party. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). Summary judgment is proper, and the moving party is entitled to judgment as a matter of law, where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). Summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

III.

A.    The Claim Against the Prison Guards

The Prison Litigation Reform Act prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate exhausts available administrative remedies.  42 U.S.C. § 1997e(a).  "[E]xhaustion is mandatory under the PLRA and [. . .] unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).  Pennsylvania's Inmate Grievance System, DC-ADM 804, outlines a three-step grievance process: (1) an initial grievance must be submitted to the grievance coordinator within fifteen days of the events upon which the claims are based, see DC-ADM 804, Part VI.A.8; (2) an appeal of adverse decisions must be made to the prison's facility manager or superintendent, see DC-ADM 804, Part VI.C; and (3) a final appeal must be made to the Office of Inmate Grievances and Appeals (OIGA), see DC-ADM 804, Part VI.D.

In support of their summary judgment motion, the defendants submitted evidence to show that, on July 11, 2006, Quinn filed a grievance about the events in question.  The grievance was rejected on July 18, 2006.  Quinn timely appealed to the prison's superintendent, and the appeal was denied on July 28, 2006.  Quinn responded by writing a letter to the superintendent, but he did not appeal to the OIGA, as is required by DC-ADM 804, Part VI.D.  Quinn went on to file three more grievances.  All three were rejected, and Quinn did not appeal any of them.

Quinn argues that the prison officials prevented him from exhausting his remedies because they would not respond to his appeals.  This assertion is contrary to the record,

4

which indicates that prison officials responded to Quinn's grievances and appeal in a timely manner. Quinn claims that he never received a response to his letter to the superintendent; however, Quinn was required to appeal to the OIAG. Quinn offers no evidence to contradict the defendants' assertion that he failed to utilize all three tiers of the grievance system, and he offers no evidence to show that prison officials prevented him from doing so. Thus, we conclude that the District Court properly granted summary judgment to the prison guard defendants.

B.      The Claims Against Doll[1]

Although Doll examined Quinn and ordered that he be further observed in the infirmary, Quinn alleges that she was deliberately indifferent to his serious medical needs. A prisoner making an Eighth Amendment claim must show that (1) the alleged deprivation is "objectively, sufficiently serious," and (2) the defendant acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). When a prisoner receives medical treatment and disputes the adequacy of that treatment, we are reluctant to second guess the doctor's medical judgment. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Mere disagreements between the prisoner and the treating physician over medical treatment do not rise to the level of "deliberate indifference." See Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

---

[1]      Quinn did not follow the three-tier grievance process for his complaint against Doll, either. However, in rejecting his grievance, the grievance coordinator wrote, "I find no evidence to support your claim thus I find merit [sic] to your grievance." Because we

Here, Quinn alleges that Doll relied on the prison guard's claim that Quinn was faking his injuries. However, Quinn's medical records indicate that Doll examined him. Although she found no evidence of injuries, she ordered that he be admitted him to the infirmary and his pain medication be continued. While in the infirmary, Quinn was examined by a different doctor and further tests were conducted. Quinn makes a vague claim that Doll forged his medical records, but at his deposition he confirmed that he had been treated as his records indicate. Even assuming that Quinn's injury was sufficiently serious to satisfy the first prong of Farmer, he cannot establish that Doll acted with deliberate indifference.

Quinn's state-law claim warrants little discussion. In Pennsylvania, a plaintiff making a claim of intentional infliction of emotional distress must show that "the conduct [is] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998). We agree with the District Court that Doll's treatment of Quinn did not rise to this level.

IV.

Accordingly, we conclude that this appeal presents no substantial question, and we will affirm the decision of the District Court.

---

find that Quinn's claims against Doll are meritless, as discussed below, we need not consider whether Quinn properly exhausted these claims.